IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER VIPOND,                    )
                                       )
            Plaintiff,                 )
                                       )
      -vs-                             )          Civil Action No.   11-292
                                       )
MICHAEL J. ASTRUE, Commissioner of     )
Social Security,                       )
                                       )
            Defendant.                 )

AMBROSE, Senior District Judge.

## OPINION
### and
### ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 5 and 7). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 7 and 9).   After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (ECF No. 9) and denying Plaintiff's Motion for Summary Judgment. (ECF No. 7).

## I.  BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits pursuant to the Social Security Act ("Act").   On July 22, 2008, Plaintiff filed an application alleging that since November 30, 2007, he had been disabled due to bipolar disorder, a back injury, and a demyelinating disease.   (ECF No. 5-6, p. 3).   Administrative Law Judge ("ALJ") James Harty, held a hearing on March 29, 2010.   (ECF No. 2, pp. 26-63).   On April 14, 2010, ALJ Harty found that Plaintiff was not disabled under the Social Security Act.   (R. 11-21).   After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 5 and 7). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.   The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).   *Dobrowolsky*, 606 F.2d at 406.   Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).   *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.   *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.     WHETHER THE ALJ ERRED IN FAILING TO PROPERLY ASSESS THE WEIGHT DUE TO DR. HMEL, PLAINTIFF'S TREATING PSYCHIATRIST**

Plaintiff argues that the ALJ erred in failing to accord "deference" to the opinions of his treating psychiatrist, Dr. Beverly Hmel.   (ECF No. 8, pp. 4-9).   The amount of "deference" is a matter of weight accorded to a treating physician's opinions.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

3

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010).

Here, the ALJ declined to give the opinions of Plaintiff's treating psychiatrist, Dr. Hmel, "controlling weight." (ECF No. 5-2, pp. 7-9).   Plaintiff suggests that it was error to not give Dr. Hmel controlling weight.   The ALJ did not provide Dr. Hmel "controlling weight" because some of her opinions were internally inconsistent, inconsistent with other medical evidence and Plaintiff's own self reports, and the first opinion is based on a one-time examination of Plaintiff relying heavily on Plaintiff's subjective assertions. (ECF No. 5-2, pp. 18-20).   After a review of the record, I find the ALJ sufficiently discussed why he was not affording Dr. Hmel controlling weight. (ECF No. 5-2, pp. 17-20).   I further find there is substantial evidence of record to support this decision.   *See,* Exhibits 4F, 8F, 10F, 11F, 12F and 13F.   Therefore, I find I no error by the ALJ in discounting Dr. Hmel's opinions.

C.   **WHETHER THE ALJ ERRED IN FAILING TO ADOPT A HYPOTHETICAL THAT ACCURATELY REFLECTS PLAINTIFF'S LIMITATIONS**

The next argument by Plaintiff is that the ALJ asked the vocational expert hypothetical questions that do not accurately reflect Plaintiff's impairment since they failed to include the limitations discussed by Dr. Hmel and, therefore, the ALJ erred in relying on the responses by the vocational expert that failed to include said limitations.   (ECF No. 8, p. 10-11).   I disagree.   As I noted above, the ALJ properly afforded such evidence only some weight.   An ALJ is not required to accept the hypothetical question posed by a plaintiff's counsel to the vocational expert, but only that question which accurately reflects a plaintiff's impairments.   *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987); *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir. 1986)(an ALJ may reject hypothetical questions by Plaintiff's attorney that are more restrictive than his own).   The record reveals substantial evidence that the

4

ALJ's hypothetical question accurately reflected Plaintiff's impairments. Consequently, I find no error in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER VIPOND,                          )
                                             )
              Plaintiff,                     )
                                             )
       -vs-                                  )        Civil Action No.   11-292
                                             )
MICHAEL J. ASTRUE, Commissioner of           )
Social Security,                             )
                                             )
              Defendant.                     )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 3rd day of January 2013, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 7) is denied and Defendant's Motion for Summary Judgment (Docket No. 9) is granted.

                                   BY THE COURT:

                                   s/   Donetta W. Ambrose
                                    Donetta W. Ambrose
                                    United States Senior District Judge

6